UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 11751 GAO NO.

| | |
|---|---|
| JAMES CHAPLIN,<br>    Plaintiff<br><br>V.<br><br>LEWIS H. SPENCE, NOREEN D. CHABOT,<br>and BARBARA A. HAWKES SULLIVAN,<br>    Defendants | COMPLAINT<br><br>PLAINTIFF CLAIMS TRIAL BY JURY |

## GENERAL ALLEGATIONS

1. The plaintiff, James Chaplin, is an individual with a place of residence in Anchorage, Alaska and he is the father of the infant child Lyndon Yeagher Chaplin.

2. The defendant, Lewis H. Spence, is the Commissioner of the Department of Social Services of the Commonwealth of Massachusetts.

3. The defendant, Noreen D. Chabot, is an individual employed by the Department of Social Services.

4. The defendant, Barbara A. Hawkes Sullivan, is an individual employed by the Department of Social Services.

5. The plaintiff brings this action pursuant to 42 U.S.C. § 1983, and this Court has jurisdiction pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

## FACTUAL ALLEGATIONS

1. That on January 11, 2004, an infant boy was born in Norwood, Massachusetts. The mother is an individual known as Janis Brantley. The father is James Chaplin.

2. That on January 12, 2004, the Department of Social Services instituted an emergency petition to take custody of the infant. More specifically the defendant, Noreen D. Chabot, did allege that Janis Brantley and James Chaplin posed a risk of neglect to the infant, and further stated that there was reasonable cause to believe that the infant had been neglected by both Janis Brantley and James Chaplin.

LAW OFFICES
McCORMICK & MAITLAND
ONE-FORTY-FOUR
MAIN STREET
COUNTRY CROSSING
P.O. BOX 318
NORFOLK, MA 02056
AREA CODE (508)
520-0333

1

3. That on or about January 12, 2004, the defendant, Barbara A. Hawkes Sullivan, did approve the above-stated conclusion of the defendant Chabot.

4. That on January 13, 2004 a petition was filed by the defendant Chabot of the Department of Social Services alleging that the infant was in need of immediate care and protection. The defendants then sought an emergency ex-parte order of temporary custody.

5. That at the time they sought the above-referenced emergency ex-parte order of temporary custody, the defendants knew that there was no credible evidence to support any allegation of unfitness as a parent on behalf of the plaintiff, James Chaplin.

6. That on February 5 and 6, 2004, the Norfolk County Juvenile Court conducted an evidentiary hearing, not on the issue of the fitness of either parent, but rather whether the matter would be transferred to the Kotzebue Tribal Court pursuant to the Indian Child Welfare Act, 25 U.S.C., § 1911 (A).

7. On February 13, 2004, the Norfolk County Juvenile Court sua sponte, entered an order declining to assert jurisdiction in the matter, and further ordered "…. The Department of Social Services to contact the appropriate agency in Alaska so as to facilitate a transfer of this case and filing of the appropriate proceedings in an Alaskan State Court. Due to the child's extremely young age, he should be medically cleared before the physical transfer occurs. This Court continues temporary custody with the Massachusetts Department of Social Services and stays these proceedings until such time the purpose of this order has been accomplished and/or until further order of this Court.

8. That on March 4, 2004, the parties appeared before the Norfolk County Juvenile Court and the Department of Social Services informed the Court that the "appropriate agency" in Alaska had declined to accept custody of the infant or to become involved in this matter.

9. That on March 4, 2004, the plaintiff renewed his previous request that the Norfolk County Juvenile Court conduct an evidentiary hearing as to his fitness as mandated by Massachusetts General Laws Chapter 119, Section 24.

10. That on March 5, 2004, the plaintiff again requested an evidentiary hearing.

11. That on March 5, 2004, after the lunch recess, the Norfolk County Juvenile Court began this hearing and after briefly hearing testimony recessed the matter until March 8, 2004.

LAW OFFICES
McCORMICK & MAITLAND
ONE-FORTY-FOUR
MAIN STREET
COUNTRY CROSSING
P.O. BOX 318
NORFOLK, MA 02056
AREA CODE (508)
520-0333

2

12. That on March 8, 2004, the Norfolk County Juvenile Court declined to hear any further testimony, but further amended its sua sponte order of February 13, 2004 by ordering that the Department of Social Services transfer custody of the infant to the joint temporary legal and physical custody of the mother and father, and that Ruth Nanouk, a member of the mother's Native American tribe, accompany the infant to Alaska on a 6:00 p.m. Wednesday, March 10, 2004 flight to Alaska.

13. That on March 25, 2004, the Superior Court for the State of Alaska awarded interim sole legal and physical custody of the infant to the plaintiff.

14. That on March 29, 2004, the defendant, Lewis H. Spence did cause to be published in the Boston Globe a "Letter to the Editor", which read as follows:

> "Adrian Walker's March 4 column not only failed to fully and accurately report the circumstances of the custody battle for Lyndon Yeager Chaplin, it also failed to accurately report my comments on the case ("Bureaucracy and a baby," City & Region). I never expressed doubt about the handling of the controversy by the Department of Social Services' Arlington office. I believe that it acted thoughtfully and deliberately for the safety and well-being of the child. I only expressed uncertainty about what position we at DSS would take in the upcoming court case on custody, given the outstanding uncertainties about both mother and father. Walker made a classic child welfare error: He became over-invested in his beliefs about the father, and then refused to take in new data that should have prompted a reconsideration of those beliefs. But when Walker makes an error, the only consequence is a bad newspaper column. When we make an error, the result can be fatal."

15. That at no time has there been any finding or adjudication that the plaintiff James Chaplin was an unfit parent.

16. Indeed, from the outset of the initiation of the above-referenced proceedings the defendants knew that there was no reliable evidence to substantiate an allegation of unfitness on behalf of the plaintiff.

17. That the defendants, Lewis H. Spence, Noreen D. Chabot, and Barbara A. Hawkes Sullivan, did knowingly, intentionally, and deliberately deprive James Chaplin of the custody of his infant son from January 12, 2004 to March 25, 2004.

LAW OFFICES
McCORMICK & MAITLAND
ONE-FORTY-FOUR
MAIN STREET
COUNTRY CROSSING
P.O. BOX 318
NORFOLK, MA 02056
AREA CODE (508)
520-0333

3

18. That the actions of the defendants in depriving the plaintiff of the custody of his minor son under the guise of their capacity as representatives of the Commonwealth of Massachusetts and thus under color of law constituted violations of the plaintiff's rights to due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

19. That as a direct and proximate result of the actions of the defendants, the plaintiff was denied the care and custody of his infant son, suffered mental anguish and emotional distress, and incurred legal costs and other expenses.

COUNT I   THE PLAINTIFF, JAMES CHAPLIN'S CAUSE OF ACTION AGAINST THE DEFENDANT, LEWIS H. SPENCE FOR VIOLATIONS OF HIS RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE CONSTITUTION

1. The plaintiff James Chaplin repeats the allegations contained in paragraphs one and two of the General Allegations, and paragraphs one through nineteen of the Factual Allegations.

2. That the defendant, Lewis H. Spence, did deliberately, intentionally, and wrongfully while acting under color of law, deprive the plaintiff, James Chaplin of the custody of his minor son Lyndon Yeager Chaplin, without the benefit of due process of law.

3. That the defendant, Lewis H. Spence, by so depriving the plaintiff of the custody of his son without due process of law violated his rights as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

4. That as a direct and proximate result of the wrongful deprivation of the custody of his infant son and denial of his right to due process of law, the plaintiff has sustained mental anguish, severe emotional distress, and the loss of the affection and companionship of his minor son.

WHEREFORE, the plaintiff, James Chaplin demands judgment against the defendant, Lewis H. Spence, in an amount as the evidence might prove at trial, plus interest, costs, attorney's fees and punitive damages.

LAW OFFICES
McCORMICK & MAITLAND
ONE-FORTY-FOUR
MAIN STREET
COUNTRY CROSSING
P.O. BOX 318
NORFOLK, MA 02056
AREA CODE (508)
520 0333

COUNT II   THE PLAINTIFF JAMES CHAPLIN'S CAUSE OF ACTION AGAINST THE DEFENDANT, LEWIS H. SPENCE FOR LIBEL AND INVASION OF PRIVACY

1. The plaintiff repeats the allegations contained in paragraphs one and two of the General Allegations and paragraphs one through nineteen of the Factual Allegations.
2. That by disclosing the name of the infant Lyndon Yeager Chaplin in his letter to the editor, which appeared in the Boston Globe on March 29, 2004, the defendant Lewis H. Spence did violate the privacy of the plaintiff James Chaplin and his minor Lyndon Yeager Chaplin.
3. That by disclosing the name of the infant Lyndon Yeager Chaplin in his letter to the editor, which appeared in the Boston Globe on March 29, 2004, the defendant, Lewis H. Spence did violate the General Laws of the Commonwealth of Massachusetts which prohibit the disclosure of the names of juveniles involved in matters before the Juvenile Court Department of the Trial Court.
4. That in his letter to the editor which appeared in the Boston Globe on March 29, 2004, the defendant, Lewis H. Spence, included the following:

    "He became over-invested in his beliefs about the father, and then refused to take in new data that should have prompted a reconsideration of those beliefs."

5. That by the above-described statement the defendant, Lewis H. Spence does admit that he gave certain "new data" concerning the parental fitness of James Chaplin. By so doing the defendant did violate the laws of the Commonwealth of Massachusetts relating to Juvenile Court proceedings and did maliciously and intentionally cause to be published certain facts and allegations that he knew or should have known were false.
6. As a direct and proximate result of the actions of the defendant, the plaintiff James Chaplin was held open to ridicule by the public, suffered a loss of reputation, suffered emotional distress and mental anguish, and sustained monetary losses.

WHEREFORE, the plaintiff, James Chaplin does demand judgment against the defendant, Lewis H. Spence in an amount as the evidence might prove at trial, plus interest, costs, attorney's fees and punitive damages.

LAW OFFICES
McCORMICK & MAITLAND
ONE FORTY FOUR
MAIN STREET
COUNTRY CROSSING
P.O. BOX 318
NORFOLK, MA 02056
AREA CODE (508)
520-0333

COUNT III   THE PLAINTIFF, JAMES CHAPLIN'S CAUSE OF ACTION AGAINST THE DEFENDANT, NOREEN D. CHABOT FOR VIOLATIONS OF HIS RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE CONSTITUTION

1. The plaintiff James Chaplin repeats the allegations contained in paragraphs one and three of the General Allegations and paragraphs one through nineteen of the Factual Allegations.
2. That the defendant, Noreen D. Chabot, did deliberately, intentionally, and wrongfully, while acting under color of law, deprive the plaintiff, James Chaplin of the custody of his minor son Lyndon Yeager Chaplin, without the benefit of due process of law.
3. That the defendant, Noreen D. Chabot, by so depriving the plaintiff of the custody of his son without due process of law violated his rights as guaranteed by the Fourteenth Amendment to the Constitution of the United States.
4. That as a direct and proximate result of the wrongful deprivation of the custody of his infant son and denial of his right to due process of law, the plaintiff has sustained mental anguish, severe emotional distress, and the loss of the affection and companionship of his minor son.

WHEREFORE, the plaintiff, James Chaplin demands judgment against the defendant, Noreen D. Chabot, in an amount as the evidence might prove at trial, plus interest, costs, attorney's fees and punitive damages.

COUNT IV   THE PLAINTIFF JAMES CHAPLIN'S CAUSE OF ACTION AGAINST THE DEFENDANT BARBARA HAWKES SULLIVAN FOR VIOLATIONS OF HIS RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE CONSTITUTION

1. The plaintiff James Chaplin repeats the allegations contained in paragraphs one and four of the General Allegations and one through nineteen of the Factual Allegations.

LAW OFFICES
MCCORMICK & MAITLAND
ONE-FORTY-FOUR
MAIN STREET
COUNTRY CROSSING
P.O. BOX 318
NORFOLK, MA 02056
AREA CODE (508)
520 0333

2. That the defendant, Barbara Hawkes Sullivan, did deliberately, intentionally, and wrongfully, while acting under color of law, deprive the plaintiff, James Chaplin of the custody of his minor son Lyndon Yeager Chaplin, without the benefit of due process of law.

3. That the defendant, Barbara Hawkes Sullivan, by so depriving the plaintiff of the custody of his son without due process of law violated his rights as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

4. That as a direct and proximate result of the wrongful deprivation of the custody of his infant son and denial of his right to due process of law, the plaintiff has sustained mental anguish, severe emotional distress, and the loss of the affection and companionship of his minor son.

WHEREFORE, the plaintiff, James Chaplin demands judgment against the defendant, Barbara Hawkes Sullivan, in an amount as the evidence might prove at trial, plus interest, costs, attorney's fees and punitive damages.

Respectfully Submitted,
JAMES CHAPLIN,
By His Attorney:

Edward J. McCormick, III
BBO No. 329780
McCormick & Maitland
144 Main Street, P.O. Box 318
Norfolk, MA 02056
508-520-0333

LAW OFFICES
McCORMICK & MAITLAND
ONE FORTY FOUR
MAIN STREET
COUNTRY CROSSING
P.O. BOX 318
NORFOLK, MA 02056
AREA CODE (508)
520-0333

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
James Chaplin

## DEFENDANTS
Lewis H. Spence, Noreen D Chabot and Barbara A. Hawkes Sullivan

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___Alaska___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___Suffolk___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Edward J. McCormick, III, McCormick & Maitland, 144 Main St. Norfolk, MA 02056 (508)520-0333

ATTORNEYS (IF KNOWN)



## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

The plaintiff brings the instant action pursuant to 42 U.S.C. Section 1983 against the defendant who acting in the capacity as representatives of the Commonwealth of Massachusetts wrongfully denied him the custody of his infant son without due process of law.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 180 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 8/9/04

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) ___James Chaplin v.___
   ___Lewis H. Spence___

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
              740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   Not Applicable

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? No
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES___ No ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES___ No___

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES___ (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? ___

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION No OR WESTERN SECTION No

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___Edward J. McCormick, III McCormick & Maitland___
ADDRESS ___144 Main St., Norfolk, MA 02056___
TELEPHONE NO. ___508-520-0333___

(Category.frm - 09/92)