**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

JAMES CHAPLIN,

    **Plaintiff**

v.                                                      C.A. NO. 04-11751-GAO

LEWIS H. SPENCE, <u>et</u> <u>al.</u>,

    **Defendants**

<u>**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**</u>

I.    <u>**Introduction**</u>

Plaintiff James Chaplin has brought this action pursuant to 42 U.S.C. § 1983,[1] seeking monetary damages against the Commissioner, a supervisor, and a caseworker of the Department of Social Services.  Chaplin claims himself entitled to monetary relief because:  (1) these three state officials allegedly violated federal due process by instituting a neglect petition in Norfolk County Juvenile Court, thereby denying Chaplin the custody of his newly born child for three months;[2] and (2) the Commissioner further violated certain, unspecified Massachusetts General Laws prohibiting the disclosure of the names of juveniles involved in Juvenile Court proceedings, this in

---

[1]    Complaint, ¶ 5.
[2]    Complaint, Counts I, III, & IV..

-2-

response to a <u>Boston Globe</u> article which had been adversely critical of the conduct of the Department of Social Services.**3** Chaplin's action must be dismissed on at least four grounds.

**II.  <u>Argument</u>**

### (A)  *The Language Of 42 U.S.C. § 1983*

An action pursuant to 42 U.S.C. § 1983 cannot lie against state officials acting in their official capacity.  Section 1983 imposes liability on "[e]very person" who, acting under color of state law, deprives another person of his civil rights.  A state official acting in his official capacity has been held to be no more a "person" for § 1983 purposes than would be a state. <u>Forte v. Sullivan</u>, 935 F.2d 1, 2 n. 2 (1st Cir. 1991)(<u>per curiam</u>) <u>citing</u> <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 64 (1989).

Chaplin has brought suit against the defendants as officials of the Department of Social Services.**4**  Chaplin has not alleged any facts, and has no good-faith basis to believe, that the defendants were acting in any other than an official capacity, either when they petitioned the Norfolk County Juvenile Court for custody of Chaplin's child, or when the

---

**3**     Complaint, Count II.
**4**     Complaint, ¶¶ 2-4.

-3-

Commissioner responded in his official capacity to a <u>Boston Globe</u> article criticizing the conduct of his agency.[5]

**(B)  *Eleventh Amendment Immunity***

Chaplin cannot obtain the monetary relief he seeks on account of Eleventh Amendment sovereign immunity.  The Eleventh Amendment bars a federal court from rendering a judgment which would have to be paid from state funds.  <u>Rosario-Urdaz v. Rivera-Hernandez</u>, 350 F.3d 219, 221-22 (1st Cir. 2003), <u>citing</u> <u>Johnson v. Rodriguez</u>, 943 F.2d 104, 108 (1st Cir. 1991); <u>Quern v. Jordan</u>, 440 U.S. 332, 337 (1979); <u>Edelman v. Jordan</u>, 415 U.S. 651, 663 (1974).  A judgment against the defendants, acting in their official capacities, would have to be paid from state funds and, therefore, is barred by sovereign immunity.  <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985); <u>American Policyholders Insurance Co. v. Nyacol Prods. Inc.</u>, 989 F.2d 1256, 1259 (1st Cir. 1993), <u>cert. denied</u>, 510 U.S. 1040 (1994).

**(C)  *Social Worker Immunity***

The three defendants are absolutely immune from suits challenging them in connection with their prosecution of child neglect cases.  Social workers in that context have been

---

[5]    Chaplin has quoted the Commissioner's letter to the <u>Boston Globe</u>, artfully omitting his signature <u>qua</u> Commissioner of the Department of Social Services, and artfully omitting the newspaper column to which it responded, and which had already disclosed the names of Chaplin and his

-4-

uniformly analogized to criminal prosecutors because, like them,

they must be able to exercise their discretion in an

independent, disinterested fashion without fear of retribution.

Cf. Imbler v. Pachtman, 424 U.S. 409 (1976).  Accordingly,

social workers in that context have been accorded absolute

immunity.  Salyer v. Patrick, 874 F.2d 374, 378 (6th Cir. 1989);

Vosburg v. Department of Social Servs., 884 F.2d 133 (4th Cir.

1989); Meyers v. Contra Costa County Dept. of Social Servs., 812

F.2d 1154, 1157 (9th Cir.), cert. denied, 484 U.S. 829 (1987).

### (D)  The Reach Of § 1983

Chaplin's claim against the Commissioner for violations of

the Massachusetts General Laws cannot support a § 1983 action.

The reach of § 1983 with respect to claims based upon the

violation of statute or regulation "extends only to the

violation of federal enactments."  Smith v. Maloney, 735 F.Supp.

39, 42 (D. Mass. 1990)(emphasis in original), citing Maine v.

Thiboutot, 448 U.S. 1, 65 (1980).

---

infant son in the neglect proceedings.  Copies of the complete
documents are annexed as Exhibit A.

-5-

### III. <u>Conclusion</u>

For all four of the above reasons, then, Chaplin's action must be dismissed.

Respectfully submitted,

DEFENDANTS LEWIS H. SPENCE, NOREEN D. CHABOT, and BARBARA A. HAWKES SULLIVAN,

By their Attorneys,

THOMAS F. REILLY
Attorney General


/s/_____
Charles M. Wyzanski
Assistant Attorney General
B.B.O. No. 536040
One Ashburton Place
Boston, MA. 02108
Tel.No. (617) 727-2200