UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

NO. 04-11751GAO

2004 OCT 22 P 2:0\[

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| JAMES CHAPLIN,<br>    Plaintiff<br><br>V.<br><br>LEWIS H. SPENCE, NOREEN D. CHABOT,<br>and BARBARA A. HAWKES SULLIVAN,<br>    Defendants | PLAINTIFF'S OPPOSITION TO<br>THE DEFENDANTS' MOTION<br>TO DISMISS |

**ARGUMENT I**   **THE COMPLAINT IS BROUGHT AGAINST THE DEFENDANTS AS INDIVIDUALS AND THUS THE MOTION TO DISMISS MUST BE DENIED**

The defendant initially moves to dismiss the instant Complaint, as they contend that an, "… action pursuant to 42 U.S.C. § 1983 cannot lie against state officials acting in their official capacity." (Defendants' Memorandum p.3)  Such an argument is inapplicable to the instant Complaint, as it is clear that this Complaint names each of the defendants individually, not in their "official capacities".  A reading of the caption reveals that the plaintiff named three individuals as defendants, and makes no mention whatsoever as to what position that individual may hold with the government of the Commonwealth of Massachusetts.  The caption reads simply "Lewis H. Spence", not Lewis H. Spence as Commissioner of the Department of Social Services.  Paragraph 17 of the Factual Allegations of the Complaint likewise alleges that "… Lewis H. Spence, Noreen D. Chabot and Barbara A. Hawkes Sullivan did knowingly, intentionally, and deliberately deprive James Chaplin of the custody of his infant son from January 12, 2004 to March 25, 2004."  Moreover, the demand for relief set forth in Counts I, II, III and IV, specifically demands judgment against the applicable individual, and makes no reference whatsoever to that individual's "official capacity" position or job.

Paragraph 2 of Count I alleges: "That the defendant, Lewis H. Spence, did deliberately, intentionally, and wrongfully while acting under color of law, deprive the plaintiff, James

LAW OFFICES
MCCORMICK & MAITLAND
ONE-FORTY-FOUR
MAIN STREET
COUNTRY CROSSING
P.O. BOX 318
NORFOLK, MA 02056
AREA CODE (508)
520-0333

Chaplin of the custody of his minor son Lyndon Yeager Chaplin, without the benefit of due process of law."

Paragraph 2 of Count III alleges: "That the defendant, Noreen D. Chabot, did deliberately, intentionally, and wrongfully, while acting under color of law, deprive the plaintiff, James Chaplin of the custody of his minor son Lyndon Yeager Chaplin, without the benefit of due process of law."

Paragraph 2 of Count IV alleges: "That the defendant, Barbara Hawkes Sullivan, did deliberately, intentionally, and wrongfully, while acting under color of law, deprive the plaintiff, James Chaplin of the custody of his minor son Lyndon Yeager Chaplin, without the benefit of due process of law."

Any reading of the instant Complaint clearly establishes that each of the enumerated causes of action is brought against the identified defendants as individuals who acted under color of state law. It is well-settled that a state official sued in a personal capacity is a "§ 1983 person." Hafer v Melo, 502 U.S. 21 (1991). (It should be noted that, even if the instant Complaint had named the individual defendants in their official capacities, dismissal of this action would also be inappropriate. "Official-capacity suits ... generally represent only another way of pleading an action against an entity of which an officer is an agent." Hafer v Melo, supra at 25; Kentucky v Graham, 473 U.S. 159 (1985)).

Moreover, in Hafer v Melo, supra, the Court noted that with regard to the determination whether a public official or employee has been sued in his or her individual or official capacity, "[i]t is obviously preferable for the plaintiff to be specific in the first instance to avoid any ambiguity." [502 U.S. at 24, n*. In the same footnote, the Court referred to Houston v Reich, 932 F.2d 883, 885 (10th Cir. 1991), in which the court held that the determination whether the lawsuit is brought against an official in his individual or official capacity is to be determined by reviewing "the course of the proceedings."

The instant matter is clearly brought against the defendants as individuals and the instant motion should be denied.

LAW OFFICES
MCCORMICK & MAITLAND
ONE-FORTY-FOUR
MAIN STREET
COUNTRY CROSSING
P.O. BOX 318
NORFOLK, MA 02056
AREA CODE (508)
520-0333

ARGUMENT II     THE DEFENDANTS' RELIANCE UPON THE DOCTRINE OF IMMUNITY PURSUANT TO THE ELEVENTH AMENDMENT IS INAPPLICABLE

The defendants seek to persuade this Court to dismiss the instant action as a judgment would have to be paid from state funds. This argument is based upon the premise that the instant cause of action is brought against them in their official capacities. As has been previously set forth, the instant cause of action has been brought against the defendants individually. Accordingly, the defendants' reliance upon Eleventh Amendment immunity is misplaced.

ARGUMENT III     SOCIAL WORKERS ARE NOT ENTITLED TO ABSOLUTE IMMUNITY

The defendants argue that the instant case be dismissed due to the fact that the social workers are entitled to absolute immunity. The plaintiff is unaware of any authority for such a position.

Indeed, in <u>Ernst</u> v <u>Child and Youth Dept. of Chester County</u>, 108 F.3d 486 (3rd. Cir. 1997), the Court, while holding that social workers are entitled to absolute prosecutorial immunity for their actions in petitioning and making recommendations to a state court, emphasized that only qualified immunity is available for investigative or administrative actions such as opening and investigating child abuse cases.

Likewise, in <u>Thomason</u> v <u>Scan Volunteer Services, Inc.</u>, 85 F.3d 1365 (8th Cir. 1996), the Court stated that a parent's interest is of the "highest order", and that the Court readily recognizes "the vital importance of curbing overzealous suspicion and intervention on the part of health care professionals and government officials". The Court went on to state that it must balance substantive due process interests of the parents against the interests of the child and state in being removed from a dangerous home setting. The Court then held that the government workers would be entitled to only qualified immunity, and then, only if, the removal decision is properly founded upon a reasonable suspicion of child abuse.

In the instant matter Mr. Chaplin has alleged that the defendants deprived him of the custody and liberty of his minor son, with not only no reasonable suspicion of child abuse, but did so knowingly, intentionally, and deliberately despite actual knowledge that there was absolutely no evidence that Mr. Chaplin posed any risk of child abuse to his infant son.

LAW OFFICES
McCORMICK & MAITLAND
ONE-FORTY-FOUR
MAIN STREET
COUNTRY CROSSING
P.O. BOX 318
NORFOLK, MA 02056
AREA CODE (508)
520-0333

The plaintiff has stated a cause of action against the defendants and should be allowed to proceed with discovery during which the facts relating to the issue of qualified immunity may be ascertained.

ARGUMENT IV     "THE BREACH OF § 1983"

Lastly, the defendants argue that the plaintiff's cause of action for breach of privacy does not fall within the scope of § 1983. Without waiving any argument to the contrary, a reading of the General Allegations contained in the Complaint clearly indicates that Mr. Chaplin is a citizen of the State of Alaska, and that the defendants are citizens of the Commonwealth of Massachusetts. Accordingly, this Court has jurisdiction due to diversity of citizenship pursuant to 28 U.S.C. § 1332.

                                                            Respectfully Submitted,
                                                            JAMES CHAPLIN,
                                                            By His Attorney:

                                                            Edward J. McCormick, III
                                                            BBO No. 329780
                                                            McCormick & Maitland
                                                            144 Main Street, P.O. Box 318
                                                            Norfolk, MA 02056
                                                            508-520-0333

LAW OFFICES
McCORMICK & MAITLAND
ONE-FORTY-FOUR
MAIN STREET
COUNTRY CROSSING
P.O. BOX 318
NORFOLK, MA 02056
AREA CODE (508)
520-0333