UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                               )
JAMES CHAPLIN,                 )
     Plaintiff                 )
                               )
v.                             )     C.A. NO. 04-11751-GAO
                               )
LEWIS H. SPENCE, et al.,       )
     Defendants                )
                               )
_____)
```

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW come the defendants LEWIS H. SPENCE, the Commissioner of the Massachusetts Department of Social Services ("DSS"), BARBARA A. HAWKES SULLIVAN, a DSS supervisor, and NOREEN D. CHABOT, a DSS caseworker, and move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment in the above-captioned action.

Plaintiff James Chaplin ("Chaplin"), a resident of Alaska, has brought this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331 seeking monetary damages, claiming that all three defendants violated his rights to federal due process by initiating a neglect petition in Norfolk County Juvenile Court, thereby depriving him of the custody of his newborn child and, further, that defendant Commissioner Spence defamed Chaplin and invaded his privacy

-2-

by the mention of his child's name in a published response to a <u>Boston Globe</u> editorial which was critical of DSS.

Now that Chaplin has concluded his discovery with the July 21, 2006, deposition of Commissioner Spence, defendants move for summary judgment.  As fully set forth in the accompanying Memorandum, the defendants had ample grounds for "reasonable suspicion" to file a neglect petition and obtain temporary custody of Chaplin's child. Even had they had not possessed such "reasonable suspicion," they were entitled to absolute immunity and cannot be found liable.  As for the claim solely against the defendant Commissioner, Spence did not invade Chaplin's privacy.  His child's name had already been published in the press, Spence did not divulge any new, "highly personal or intimate" facts, and the interest of the public outweighed Chaplin's right to privacy.  Nor did Spence defame Chaplin because his statement was not knowingly untrue, malicious, and would not hold up Chaplin to ridicule.  It was, in any event, conditionally privileged.

In short, then, summary judgment should be granted the defendants.

                                      **DEFENDANTS LEWIS H. SPENCE, NOREEN D. CHABOT, and BARBARA A. HAWKES SULLIVAN,**

-3-

**By their Attorneys,**

**THOMAS F. REILLY**
**Attorney General**


**/s/ Charles M. Wyzanski**
**Charles M. Wyzanski**
**Assistant Attorney General**
**B.B.O. No. 536040**
**One Ashburton Place**
**Boston, MA. 02108**
     **Tel.No. (617) 727-2200**