UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11751-GAO

JAMES CHAPLIN,　　　　　　　　　）
　　　　　Plaintiff　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
VS.　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）　　Memorandum in Support of
LEWIS H. SPENCE,　　　　　　　　　）　　Plaintiff's Cross-Motion for
NOREEN D. CHABOT,　　　　　　　　）　　Summary Judgment on Count II
and BARBARA A. HAWKES SULLIVAN, )
　　　　　Defendants　　　　　　　　）
　　　　　　　　　　　　　　　　　　）

ARGUMENT　　　　THE PLAINTIFF IS ENTITLED TO JUDGMENT AS A MATTER OF
　　　　　　　　　　LAW ON COUNT II OF HIS COMPLAINT

There exists no dispute as to any material fact regarding the defendant Lewis H. Spence's

violation of the General Laws of the Commonwealth prohibiting disclosure of the names of

juveniles involved in matters before the Juvenile Court. Accordingly, the plaintiff is entitled to

judgment as a matter of law on Count II.

Rule 56(c) of the Federal Rules of Civil Procedure states, in relevant part, that:

> "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions,
> answers to interrogatories, and admissions on file, together with the affidavits, if
> any, show that there is no genuine issue as to any material fact and that the
> moving party is entitled to a judgment as a matter of law."

The instant case represents such a set of circumstances.

In Count II of his Complaint, the plaintiff brought a cause of action against the defendant,

Lewis H. Spence (hereinafter "Spence") for libel and invasion of privacy. More specifically, he

alleged that Spence, by disclosing the name of the infant Lyndon Yeager Chaplin in his letter to

the editor, which appeared in the Boston Globe on March 29, 2004 Spence did violate the

General Laws of the Commonwealth of Massachusetts which prohibit the disclosure of the

names of juveniles involved in matters before the Juvenile Court Department of the Trial Court.

McCormick
& Maitland
ATTORNEYS AT LAW
SUITE SIX
HAYWARD MANOR
195 MAIN STREET
FRANKLIN,
MASSACHUSETTS 02038
TELEPHONE: 508-520-0333
FACSIMILE: 508-520-0383

General Laws Chapter 119, Section 50E expressly prohibits the disclosure of names of juveniles involved in matters before the Juvenile Court Department of the Trial Court to anyone other than the child's parent, guardian, counsel, reporting person or agency, an appropriate review board, or a social worker assigned to the case. G.L. c. 119, § 51E. Such disclosure may only occur with the written informed consent of the child's parent or guardian, the written approval of the commissioner, or an order of a court of competent jurisdiction. Id.

The challenged action is a letter to the Boston Globe, which Spence admitted to authoring in his Answers to Interrogatories. (See Exhibit A, Defendant Lewis H. Spence's Answers to Plaintiff's First Set of Interrogatories). He further admitted to authoring the letter at his deposition. (See Exhibit B, Deposition Transcript of Lewis H. Spence, page 49).

By his letter to the editor of the Boston Globe of March 29, 2004, the defendant Spence wrote the following:

> "Adrian Walker's March 4 column not only failed to fully and accurately report the circumstances of the custody battle for Lyndon Yeager Chaplin, it also failed to accurately report my comments on the case ("Bureaucracy & a baby, City & Region")."

> "I never expressed doubt about the handling of the controversy by the Department of Social Services' Arlington office. I believe that it acted thoughtfully and deliberately for the safety and well-being of the child.

> "I only expressed uncertainty about what position we at DSS would take in the upcoming court case on custody, given the outstanding uncertainties about both mother and father.

> "Walker made a classic child welfare error: He became over-invested in his beliefs about the father, and then refused to take in new data that should have prompted a reconsideration of those beliefs.

> "But when Walker makes an error, the only consequence is a bad newspaper column. When we make an error, the result can be fatal."

(Lewis H. Spence, Commissioner Department of Social Services, Letter to the Editor, Boston

McCormick & Maitland
ATTORNEYS AT LAW
SUITE SIX
HAYWARD MANOR
195 MAIN STREET
FRANKLIN,
MASSACHUSETTS 02038
TELEPHONE: 508-520-0333
FACSIMILE: 508-520-0383

Globe, March 29, 2004, See Exhibit C).

Spence's letter was an outrageous violation of Chaplin's privacy, and a blatant violation of G.L. c. 119, § 51E, and Chaplin notified Spence of this violation by the March 30, 2004 letter from Chaplin's counsel to Spence (See Exhibit D). Yeager's case had been before the Norfolk Juvenile Court since DSS petitioned for the ex parte order of temporary custody on January 13, 2004. There can be no disputing the fact that Spence disclosed the name of a child involved in a Juvenile Court matter. He disclosed Yeager's name not to an enumerated person or agency authorized by the statute, but to the Boston Globe. By doing so, Spence clearly invaded the privacy of the plaintiff and his minor son, Yeager. Chaplin never authorized the release of his infant son's name or any of the information regarding Yeager's Juvenile Court proceedings (See Affidavit of James Chaplin, Exhibit E). Finally, Spence cannot defend his violation by claiming that his letter constituted written approval of the disclosure. No one petitioned Spence to issue any approval of the release of Yeager's name. Rather, Spence's letter constituted a deliberate disregard of the consequences of his actions and the prevailing laws.

The fact that Yeager's name had already been circulated publicly is of no consequence. Chaplin never released his infant son's name, nor authorized anyone else to release it. The fact that a reporter had already obtained that information from a source did not grant Spence license to subsequently violate § 51E.

Accordingly, the Court should grant the Plaintiff's Motion for Summary Judgment against the Defendant, Lewis H. Spence on Count II of the Complaint.

McCormick
& Maitland
ATTORNEYS AT LAW
SUITE SIX
HAYWARD MANOR
195 MAIN STREET
FRANKLIN,
MASSACHUSETTS 02038
TELEPHONE: 508-520-0333
FACSIMILE: 508-520-0383

Respectfully Submitted,
The Plaintiff,
BY His Attorney,


 /s/ Edward J. McCormick, III
Edward J. McCormick, III
McCormick & Maitland
Suite Six – Hayward Manor
195 Main Street
Franklin, MA  02038
(508) 520-0333

McCormick
& Maitland
ATTORNEYS AT LAW
SUITE SIX
HAYWARD MANOR
195 MAIN STREET
FRANKLIN,
MASSACHUSETTS 02038
TELEPHONE. 508-520-0333
FACSIMILE. 508-520-0383